UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY WILDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-243 PS |
| vs. | ) |
| | ) |
| JESSICA RAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Gary Wilder, a *pro se* prisoner, has filed a complaint under 42 U.S.C. § 1983 complaining about the administration of the PLUS[1] program at the Westville Correctional Facility. (DE 3.) He has also filed a motion for a preliminary injunction. (DE 1.) The crux of Wilder's claim is that, although he was eligible to graduate in the PLUS program's March 2015 graduation at Westville, he has now been made to wait

---

[1] "The Purposeful Living Units Serve (PLUS) program is a faith- and character-based community that encourages offenders to choose alternatives to criminal thinking and behavior by providing a focus on spiritual and character development, life-skills training community service, and intentional preparation for living as law-abiding citizens. Key components of the program include a strong positive peer culture a curriculum that addresses risk factors and establishing a mentoring relationship with a positive role model volunteer from the community. Now in its fourth year, the PLUS program is offered at 16 different facilities with a current enrollment of approximately 1,200 participants. Since its inception, over 1,000 PLUS participants have completed the 12-16 month program. Of these, around 200 have been released back into the community. The current return rate of PLUS graduates is less than 5%, compared with the overall recidivism rate of 37%. In 2009, PLUS was nationally recognized by the American Correctional Chaplains Association by receiving their Offender Program of the Year award." (http://www.in.gov/idoc/2799.htm (last visited 06/09, 2015)).

until July 2015 to graduate. As a result of this delay, he asserts that his "outdate has been prolonged by three months and thereby causing [him] a financial loss." (DE 3 at 1.) Wilder also seeks a preliminary injunction to allow him to graduate the PLUS program without any further delay. (DE 1.)

Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Although Wilder asserts a federal right to the PLUS program, "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000) (internal quotation omitted). Consequently, "the denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Moreover, because the successful completion of an educational program is not inevitable, the denial of the opportunity to earn good time credits through educational programs "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin,* 515 U.S. at 487 (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence").

It is not entirely clear what Wilder is trying to accomplish here. He claims to have suffered money damages, complains that his length of confinement has been extended, states there is a need to retrain or terminate PLUS program employees, and seeks to graduate the program without delay. To the extent he asserts a constitutional right to the PLUS program or challenges the process he was given with respect to having his PLUS Program graduation delayed, such claims cannot be maintained. *Zimmerman*, 226 F.3d at 571. And, because the complaint, as pled, does not state a plausible claim, Wilder's request for preliminary injunction must be denied. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)

(explaining that to obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits).

To the extent Wilder challenges his length of confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir.2005) (explaining the difference between civil rights and habeas remedies). Typically, I would recommend that a plaintiff, such as Wilder, file a habeas corpus action if he wanted to challenge his confinement. However, to pursue federal habeas relief a plaintiff must first exhaust his available state remedies. Given how recent the complained of events are, it is clear that Wilder has not exhausted his state remedies. From all indications, a habeas petition at this point would be premature.

While the current complaint does not state a plausible claim, if given the opportunity Wilder may be able to do so. Accordingly, Wilder will be granted an opportunity to submit an amended complaint. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible. He should list all individuals and/or entities that he wishes to sue, and explain what each of them did to violate his rights.

Additionally, Wilder did not pay any filing fee or submit an *in forma pauperis* petition accompanied by his trust fund ledgers for the past six months as required by 28 U.S.C. § 1915(a)(2). Nor has he has provided sufficient documents for service of process for the defendants. He did not submit any properly completed summons or USM-285 forms. Without two properly completed summons forms and one properly completed USM-285 form containing the name and address of each defendant, the U.S. Marshals Service cannot effect service.

For the reasons set forth above, the Court:

(1) **DENIES** the request for a preliminary injunction (DE 1);

(2) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 packet and send it to Gary Wilder;

(3) **GRANTS** Gary Wilder to and including July 13, 2015, to file an amended complaint; and

(4) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: June 16, 2015.    s/ Philip P. Simon
                           Philip P. Simon, Chief Judge
                           United States District Court