UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARY WILDER, )
)
      Plaintiff, )
) CAUSE NO. 3:15-CV-243 PS
vs. )
)
JESSICA RAIN, *et al.*, )
)
      Defendants. )

## **OPINION AND ORDER**

Gary Wilder, a *pro se* prisoner, has filed an amended complaint under 42 U.S.C. § 1983, again complaining about the termination of the PLUS[1] program at the Westville Correctional Facility. (DE 7.) Wilder alleges that terminating the PLUS program was unconstitutional, and also complains that the program was terminated without due process.

---

[1] "The Purposeful Living Units Serve (PLUS) program is a faith- and character-based community that encourages offenders to choose alternatives to criminal thinking and behavior by providing a focus on spiritual and character development, life-skills training community service, and intentional preparation for living as law-abiding citizens. Key components of the program include a strong positive peer culture a curriculum that addresses risk factors and establishing a mentoring relationship with a positive role model volunteer from the community. Now in its fourth year, the PLUS program is offered at 16 different facilities with a current enrollment of approximately 1,200 participants. Since its inception, over 1,000 PLUS participants have completed the 12-16 month program. Of these, around 200 have been released back into the community. The current return rate of PLUS graduates is less than 5%, compared with the overall recidivism rate of 37%. In 2009, PLUS was nationally recognized by the American Correctional Chaplains Association by receiving their Offender Program of the Year award." (http://www.in.gov/idoc/2799.htm (last visited 06/09, 2015)).

Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wilder's original complaint made a number of various allegations surrounding the termination of the PLUS program. However, because it was not entirely clear what Wilder was trying to accomplish, he was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). (DE 3.) He has now filed an amended complaint, alleging that his Eighth Amendment right to be free from cruel

2

and unusual punishment was violated when the PLUS program was terminated. And, further, his due process rights under the Fourteenth Amendment were violated when the PLUS program was terminated without a hearing. Neither of these allegations plausibly states a claim for relief.

As I previously noted, "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." (DE 4 at 3) (citing *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000) (internal quotation omitted)). Consequently, "the denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Moreover, because the successful completion of an educational program is not inevitable, the denial of the opportunity to earn good time credits through educational programs "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin,* 515 U.S. at 487 (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence"). Consequently, not only does Wilder have no constitutional right to participate in the PLUS program, but he can not challenge the process he was given with respect to having the PLUS Program delayed or terminated either. *See Zimmerman*, 226 F.3d at 571. Therefore, Wilder's Eighth Amendment claim and Fourteenth Amendment claim must be dismissed.

It appears that Wilder is also raising a host of other claims based on Indiana state law. (DE 7 at 3, 4.) Because the federal claims must be dismissed, the court declines to

exercise supplemental jurisdiction over Wilder's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). Accordingly, his state law claims are dismissed without prejudice and he is free to pursue those in state court.

For the reasons set forth above, the federal claims contained in the amended complaint (DE 7) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and the state law claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**

ENTERED: August 4, 2015.     s/ Philip P. Simon
                             Philip P. Simon, Chief Judge
                             United States District Court